## LEWIS MARTIN

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. MUNICIPAL CORPORATION—*power to control sales of liquor gives a right to license.* Where a special charter of a town gives the president and trustees "complete and exclusive control" "over the selling, bartering," etc., of spirituous and other liquors within the town, and then provides they may, by ordinance, declare the traffic, etc., in such liquors a nuisance, this will give them full power to regulate the sale of such liquors by license, and the authorities of such town will not be limited in the exercise of such control by the declaring of the sale, etc., a nuisance.

2. SAME—*charter construed.* Where a charter of a town gives the corporate authorities "complete and exclusive control, as hereinafter provided, over the selling, bartering," etc., of any spirituous and other liquors, and then, in the same section, gives the power to proceed as in other cases of nuisance, and concludes with a proviso in favor of druggists selling for certain purposes, and limiting the imposition of any fine under the section to $100 for any one offense, etc., the words "as hereinafter provided," will not be referred to the power to declare the sale, etc., a nuisance, but to the limitation in the proviso as to druggists, and the extent of the punishment.

WRIT OF ERROR to the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. SWEET & DAY, for the plaintiff in error.

Mr. JAMES K. EDSALL, Attorney General, and Mr. M. W. MATTHEWS, State's Attorney, for the People.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Plaintiff in error was indicted and convicted, in the circuit court of Champaign county, for selling intoxicating liquor without having a legal license to keep a dram-shop.

The evidence shows a number of sales of intoxicating liquor by plaintiff in error, within the corporate limits of the town of Rantoul, in Champaign county, between the first day of April and the first day of October, in the year 1877; and the only question we think it necessary to pass upon is, do these sales authorize a conviction under the indictment?

The plaintiff in error gave in evidence this stipulation:

"It is admitted that the town trustees of the town of Rantoul, at a regular meeting thereof, in 1877, passed an ordinance concerning the sale of intoxicating liquors, which was approved by the president of said board of trustees on the 19th day of March, 1877, and that said ordinance provided for the license and sale of intoxicating liquors in less quantities than one gallon in said town; that said ordinance had been duly published previous to the 22d day of March last, and at the time of the alleged sales the defendant had a license, or paper pur-

porting to be a license, according to said ordinance, to sell intoxicating liquor in less quantities than one gallon in said town, and has paid for the said license, into the treasury of said town, at the rate of $500 per annum, and given bond, as by the statute required concerning dram shops.

M. W. MATTHEWS, State's Atty..

SWEET & DAY, Deft's Attys."

It is enacted by the 21st section of the charter of the town of Rantoul, (Private Laws of 1869, vol. 4, p. 123,) that " the said president and trustees of the town of Rantoul shall have and exercise complete and exclusive control, as hereinafter provided, over the selling, bartering, exchanging, giving away, or in any manner trafficking in, any spirituous, vinous and malt liquors within the limits of said town ; and may, by ordinance, declare any such selling, bartering, exchanging, giving away or trafficking, in any manner, in any spirituous, vinous or malt liquors within the corporate limits of said town, and the place or places where the same is carried on, or either of them, a nuisance; and shall have and exercise the same power and authority to provide for the prohibition or prevention, removal or abatement, of any such nuisance or nuisances, and for the punishment of the authors thereof, as they have and may exercise by virtue of section 12 of this act in the case of other nuisances: *Provided*, that they shall allow *bona fide* druggists to sell the same, in good faith, for purely medicinal, mechanical or sacramental purposes, and not for any other purposes : *Provided*, that they shall not impose any fine, by authority of this section, of more than $100 for any one offense, or any penalty in the county jail more than thirty days for any one offense."

The case is unaffected by any provision of the general law, and turns upon the construction of this section.

The only difficulty is in determining what is meant by the clause, " as hereinafter provided," in the first part of the section. The court below seems to have construed it as a limitation upon the power of the president and trustees to exercise

control over the selling, bartering, giving away, etc., of liquors, otherwise than by declaring such acts nuisances, and providing for their punishment.

We can not concur in this construction. If such had been the design of the General Assembly, why was it not said in so many words? Why speak about "complete and exclusive jurisdiction," when the jurisdiction was not complete or exclusive, but was limited to a single prescribed duty? The president and trustees are not commanded to declare the sale, barter, gift, etc., of liquors a nuisance; they are simply invested with power to do so. The language is, they *may* do so, leaving it discretionary whether they will or not.

The clause conferring power to declare the sale, barter, gift, etc., of liquor, etc., a nuisance, is complete of itself; and if this power only had been intended to be conferred, the preceding clause is wholly meaningless. The first clause, however, does not profess to confer power simply to *prohibit* the sale, barter, gift, etc., of liquor, but complete and exclusive control (with the qualification therein mentioned) over the entire subject; and the clause conferring power to declare a nuisance, etc., is then added, and connected by the word "and," as an additional power.

The words "as hereinafter provided," are answered only by the two provisos in the concluding part of the section, in one of which the power of the president and trustees is limited in the exercise of their complete and exclusive control in respect of persons, by the exception in favor of druggists, and in the other they are restricted as to the punishment to be prescribed by ordinance. The meaning, to our apprehension, is the same as if the word "except" preceded these words. They form an exception, in fact, and nothing more. The power conferred is complete and exclusive in all respects, except as in the section is otherwise provided.

We can not hesitate to affirm that "complete and exclusive control" includes the right to license, as a reasonable and usual mode of controling the sale, barter, gift, etc., of liquors,

and, so holding, it follows the license here was a sufficient·
authority and protection against punishment for all the sales
proved to have been made by the plaintiff in error.

The judgment is reversed.

*Judgment reversed.*